FILED
COURT OF APPEALS
DIVISION II

2013 SEP -4 AM 10: 23

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44298-1-II |
| Respondent, | |
| v. | |
| LARRY A. ROBERTS, | UNPUBLISHED OPINION |
| Appellant. | |

QUINN-BRINTNALL, J. — Larry Roberts appeals, arguing that the superior court erred when it failed to enter written findings of fact and conclusions of law following his bench trial. The State agrees that the court did not enter the required findings and conclusions. We vacate the judgment and sentence and remand.[1]

## FACTS

The State charged Roberts with possession of a controlled substance and driving while his license was suspended (DWLS). Roberts waived his right to a jury trial. After a bench trial, the superior court issued a written verdict finding Roberts not guilty on the controlled substance charge and guilty of DWLS. The verdict provides detailed support for the acquittal but does not analyze the DWLS conviction. At sentencing, the superior court announced the outcome on each count and sentenced Roberts on the DWLS conviction. Roberts appeals.

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

No. 44298-1-II

ANALYSIS

Roberts argues, and the State concedes, that the superior court did not comply with CrR 6.1(d), which provides, "In a case tried without a jury, the court shall enter findings of fact and conclusions of law." The proper remedy is to vacate the judgment and sentence and remand to the trial court for entry of the required findings of fact and conclusions of law.[2] *State v. Head*, 136 Wn.2d 619, 624, 964 P.2d 1187 (1998); *State v. Denison*, 78 Wn. App. 566, 572, 897 P.2d 437, *review denied*, 128 Wn.2d 1006 (1995).

Because the State concedes and the parties agree on the remedy, we vacate the judgment and sentence and remand this case for entry of written findings of fact and conclusions of law. CrR 6.1(d). The superior court shall then enter judgment based on the written findings and conclusions "from which either party may appeal as in the usual course of things." *Head*, 136 Wn.2d at 626.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

QUINN-BRINTNALL, J.

We concur:

HUNT, J.

JOHANSON, A.C.J.

---

[2] *But see State v. Denison*, 78 Wn. App. 566, 571-72, 897 P.2d 437, *review denied*, 128 Wn.2d 1006 (1995) (suggesting that the preferred procedure would be for the "prosecutor to seek in this court an order requiring the trial judge" to comply with CrR 6.1(d)).

2